

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ernest Guinn
County Attorney
El Paso County
El Paso, Texas

Dear Sir:

Opinion No. O-4175
Re: Disposition of fees collected
by tax assessor-collector and
his deputies for taking ac-
knowledgments in connection
with application for certifi-
cate of title under Motor Vehi-
cle Act, and related questions.

The pertinent parts of your request for an opinion
of this department are:

"I have been requested by our mutual friend,
Herman Hosch, County Tax Assessor and Collector
of El Paso County, to request you for an opinion
with regard to the charge, if any, that may be
made by employees in his office for performing
notarial services in connection with the execu-
tion of applications for certificate of title
under the Motor Vehicle Act, and also with re-
gard to the taking of acknowledgments of appli-
cants executing such applications by his depu-
ties as such Deputy Tax Assessor and Collectors
instead of as Notary Publics.

"The controversy has arisen in this manner:
there are a number of applicants who come to his
office with applications unprepared and request
his employees to prepare the applications and
take their acknowledgments. Employees in charge
of this department are Notary Publics, and when
requested, they perform this service and make
a charge of 25¢ for taking the acknowledgment
to the application. As a result of these charges,

the employees collect approximately $50.00 a month, which money is turned over to Mr. Roach, and which he keeps as fees unaccountable to the county. He has not encouraged applicants to use his employees for this purpose, but to the contrary has suggested that they have their friends fill out the applications and take the acknowledgments in order to save the cost, as well as the trouble to his office, but there are a certain percentage who prefer to have the employees do this service and take this acknowledgment and pay the 25¢.

"In view of the fact that the form is approved and required by the Texas Highway Department, it undoubtedly is necessary that the acknowledgment be taken. I do not find any reference to this in the law itself, and I was wondering whether the acknowledgment could be taken by a deputy tax assessor as such deputy, and not as a Notary Public.

"You will also note that the acknowledgment does not contain the statement that the applicant is personally known to the Notary Public. Is it your opinion that, as in every acknowledgment, the applicant should be known to the Notary Public, or else introduced by someone who is known?

"Section 57 provides for payment of a fee of 50¢. Is this fee exclusive, and does it prohibit any other charge, and would it require the taking of acknowledgments by the designated agent free of charge. The certificate referred to is required by Section 30 of Article 1436-1 of the Penal Code.

"In the event that this charge may be properly made by Mr. Roach, is it your opinion that it is an excess fee for which he is not required to account? My opinion on this is that if he is entitled to make the charge, the fee is an excess fee and may be retained

813

"by him, otherwise, Section 57 would control,
which would prohibit any additional charge
being made."

We held in our opinion No. O-1127 that the tax
assessor-collector or his deputies who were duly qualified
notaries could take acknowledgments to transfers of owner-
ship of automobiles and personally retain such fees. This
holding was predicated upon the proposition that the law
imposes no duty upon the tax assessor-collector to perform
this function.

We will dispose of your questions in the order of
their appearance in your request.

You ask whether the acknowledgment may be taken
by a deputy tax assessor in his official capacity.

Article 7246a, Revised Civil Statutes, provides in
part:

"Sec. 1. The Assessor and Collector of
Taxes, Sheriff or Sheriff and Assessor and
Collector of Taxes, are hereby authorized and
empowered to administer all oaths necessary
for the discharge of the duties of their res-
pective offices and to administer all oaths
required for the transaction of the business
of their respective offices, . . ."

It will be observed that the authority so conferred
upon the named officers to administer oaths is limited to
"oaths required for the transaction of the business of their
respective offices".

It is our opinion that acknowledgments may not be taken
to the instrument in question by a tax collector or his depu-
ty in his official capacity as such, but that it must be taken
in his capacity as a notary public.

We have used the word "acknowledgment" in this opin-
ion for the reason that your inquiry uses such term. The
application has an affidavit appended instead of an acknowl-
edgment. The notary public should, however, know the appli-

Honorable Ernest Guinn, Page 4

cant or have such applicant introduced to him as in any other case where an affidavit or acknowledgment is to be taken.

Section 57 of Article 1436-1, Vernon's Penal Code, to which you refer, providing a fee of fifty cents to be paid by an applicant for a certificate of title is to be divided twenty-five cents to the tax assessor-collector and twenty-five cents to the State Highway Department for the purpose of covering their respective expenses in connection with the administration of the act. You ask if such fee is exclusive. We are not sure that we understand your question, but it is our opinion that a greater or lesser fee cannot be charged or collected. It does not prevent a charge being made by a notary public for taking the applicant's acknowledgment.

A notary public is a public officer. 31 Tex. Jur. 343. The compensation attached to an office belongs to the person legally holding the office. Hawrick v. Ake, 75 Tex. 142, 12 S. W. 818. It is our opinion that the notary fees heretofore collected and now held by the tax assessor-collector and all fees hereafter collected are the property of and belong to the individual notaries who have performed and who hereafter perform the services.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED FEB 2, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

By                    Lloyd Armstrong
                         Assistant

LA:CO


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN